Before: TROTT and RAWLINSON, Circuit Judges, and MURGUIA *, Distict Judge.

Noel RAMIREZ, an individual; Eloy Soto, an individual; Mario Gutierrez, an individual; Inocencio Garcia, an individual; Ramon Cerrato, an individual; Pedro Perez, an individual; Francisco Cortez, an individual; Jose Gutierrez, an individual, Plaintiffs–Appellants,

v.

CENTURY 21, entity type unknown; J.R. Gibson Company, entity type unknown; Doris Small, an individual and in her capacity as property manager and broker; Judith A. Okanski, an individual and in her capacity as the conservator of the Estate of Ruben P. Cortez; Ruben P. Cortez, an individual; Consuelo C. Cortez, an individual, Defendants–Appellees.

No. 05–56361.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed July 26, 2007.

Moises A. Aviles, Esq., Aviles & Associates, San Bernardino, CA, for Plaintiffs–Appellants.

Larry Rothman, Esq., Larry Rothman & Associates, Orange, CA, Floyd G. Belsito, Esq., for Defendants–Appellees.

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

Plaintiffs–Appellants contend that the district court abused its discretion in denying them a continuance and an opportunity for adequate discovery. They also assert that the district court ignored the "meet and confer" requirements of Rule 26 of the Federal Rules of Civil Procedure and required heightened pleading. Finally, they request that the district court judge be removed from the case because he demonstrated bias.

Even if we agree that the Plaintiffs–Appellants should have been given additional time for discovery, any error was harmless because Plaintiffs–Appellants failed to specifically articulate in their affidavit filed pursuant to Rule 56(f) the evidence that could be gathered if additional time were allowed. *See United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir.1986) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.") (citation and alteration omitted).

Contrary to Plaintiffs–Appellants' assertion, a plain reading of Federal Rule of Civil Procedure 26(f) places the burden of arranging the pretrial "meet and confer" on the parties, not on the court. *See* Fed. R.Civ.P. 26(f) ("The attorneys of record and all unrepresented parties that have appeared in the case *are jointly responsible for arranging the conference . . .*") (emphasis added).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court's ruling on summary judgment reflected that he was not applying a heightened pleading standard. Rather, the court specifically articulated the notice pleading standard.

Finally, the court's discovery determinations do not reflect bias on the part of the judge. Furthermore, a "judicial ruling[ ] alone almost never constitute[s] a valid basis for a bias ... motion." *Focus Media, Inc. (In re Focus Media, Inc.) v. National Broadcasting Co.*, 378 F.3d 916, 930 (9th Cir.2004).

**AFFIRMED.**